FILED - GR
May 19, 2011 3:32 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ald / ____ SCANNED BY: AuD, 5'19

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENARD STEWART,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, L.L.C.,

    Defendant.

_____/

1:11-cv-522
Gordon J Quist
U.S. District Judge

**Complaint**

**I.   Introduction**

1.   This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.   Plaintiff Lenard Stewart is a natural person residing in Kent County, Michigan. Mr. Stewart is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr. Stewart is a "consumer," "debtor" and "person" as the terms are defined and/or used in the

1

MOC.

4.  Defendant Portfolio Recovery Associates, L.L.C. ("PRA") is a Delaware limited liability company, with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502. The registered agent for PRA is National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. PRA uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. PRA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. PRA is a "debt collector" as the term is defined and used in the FDCPA. PRA is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

**IV. Facts**

5.  Mr. Stewart had a credit account (No. 6162411625120) with SBC which he used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6.  Mr. Stewart has not used the account for nearly a decade.

7.  Mr. Stewart last made a payment on the account in 2002.

8.  Mr. Stewart denies owing any money to anyone in connection with the account.

9.  PRA is in the business of purchasing delinquent consumer debt, typically paying less than five cents on the dollar. Much of the delinquent debt purchased by PRA is no longer judicially enforceable by operation of the applicable statute of limitation. Stated differently, much of the delinquent debt purchased by PRA is time-barred.

10. PRA claimed to have purchased Mr. Stewart's former SBC account.

11.     PRA claimed that the account had an unpaid balance of $446.80.

12.     PRA repeatedly wrote Mr. Stewart, stating that PRA had purchased the account and demanding that Mr. Stewart pay $446.80 to PRA.

13.     Mr. Stewart disputes the alleged debt.

14.     Mr. Stewart refuses to pay the alleged debt.

15.     The alleged debt is time-barred.

16.     On or about May 13, 2011, Mr. Stewart spoke by telephone with a female PRA employee. The PRA employee stated that PRA had purchased Mr. Stewart's SBC account. The PRA employee stated that Mr. Stewart owed PRA $446.80. In the ensuing conversation, the PRA employee made the following statements:

    a)     Mr. Stewart opened the account in 2001.

    b)     Mr. Stewart last made a payment on the account in 2002.

Mr. Stewart stated that he disputed the debt. Hearing that, the PRA employee made the following statements:

    c)     Mr. Stewart was required to provide PRA with a reason for his dispute.

    d)     Disputing a debt is an option for some people, but the option is not available to everyone.

    e)     If Mr. Stewart did not provide PRA with a basis for the dispute, then there is no dispute of the debt.

Mr. Stewart stated that he was disputing the debt because he did not think that he owed it, and that even if he did owe a debt, he did not think he owed a debt to PRA. Hearing that, the PRA employee made the following statements:

 f)  Mr. Stewart needed to have a reason to dispute the debt.

 g)  Mr. Stewart was required to write a letter to dispute the debt.

 h)  Mr. Stewart was required to have a valid reason to dispute the debt.

The PRA employee then put Mr. Stewart on hold. After a time, the call was answered by a second female PRA employee. In the ensuing conversation, the second PRA employee made the following statements:

 i)  She was a Manager with PRA.

 j)  Mr. Stewart had to have a valid reason to dispute the debt.

Mr. Stewart stated that he was disputing the debt because he did not think that he owed it, and that even if he did owe a debt, he did not think he owed a debt to PRA. Hearing that, the PRA employee made the following statements:

 k)  To dispute the debt, Mr. Stewart was required to put the dispute in writing and state in writing the reason why he was refusing to pay the debt.

 l)  If Mr. Stewart was disputing the debt for the reason that he did not owe the debt, then Mr. Stewart was required to put that in writing.

17. PRA made an audio recording of a May 13, 2011 telephone conversation between Mr. Stewart and PRA employees. PRA has in its possession a copy of the audio recording.

18. PRA made an audio recording of the above-described telephone conversation between Mr. Stewart and PRA employees. PRA has in its possession a copy of the audio recording.

19. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002);

(*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation,* 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

20. The PRA employees made false statements regarding the rights of a consumer to dispute a debt as afforded by the FDCPA.

21. The PRA employees made false statements regarding Mr. Stewart's rights to dispute the debt.

22. The PRA employees falsely stated that Mr. Stewart could not dispute the debt with PRA by telephone.

23. The PRA employees falsely stated that for Mr. Stewart to dispute the debt, Mr. Stewart was required to dispute the debt in writing.

24. The PRA employees falsely stated that for Mr. Stewart to dispute the debt, Mr. Stewart was required to have a valid reason for his dispute.

25. The PRA employees falsely stated that Mr. Stewart could not dispute the debt

verbally by telephone.

26. The PRA employees falsely stated that if Mr. Stewart did not dispute the debt in writing, then Mr. Stewart did not have a dispute of the debt.

27. Each PRA employee intended to speak the words the employee spoke to Mr. Stewart.

28. The acts and omissions of PRA and its employees done in connection with efforts to collect a debt from Mr. Stewart were done intentionally and wilfully.

29. PRA and its employees intentionally and wilfully violated the FDCPA and MOC.

30. As an actual and proximate result of the acts and omissions of PRA and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.    Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

31. Plaintiff incorporates the foregoing paragraphs by reference.

32. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted

    collection of a debt;

    c)    Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

    d)    Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d)    Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

33.    Plaintiff incorporates the foregoing paragraphs by reference.

34.    Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

    a)    Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b)    Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

    c)    Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive and abusive method to collect a debt; and

    d)    Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: May 19, 2011

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com